IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HOLLY MARR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-00874-N |
| | § | |
| MINERVA SEABOLT and | § | |
| TRACTOR SUPPLY COMPANY, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Plaintiff Holly Marr's motion to remand [4]. Because the Cour determines that Minerva Seabolt was improperly joined, the Court denies the motion and dismisses Seabolt without prejudice.

**I. ORIGINS OF THE MOTION**

This case arises out of injuries Marr sustained while shopping at Tractor Supply Company Store #2177. Pl.'s Orig. Pet. ¶¶ 8–9 [1-3]. Marr claims that she "slipped and fell on a rug that was placed at the entrance that had flipped upwards from its corner." *Id.* ¶ 9. Seabolt was the manager of the store at the time of the incident. *Id.* ¶ 12. Marr filed suit against Seabolt and Tractor Supply Company ("Tractor Supply") in the 192nd Judicial District of Dallas County, Texas. *Id.* ¶¶ 3–4. Marr alleges that Tractor Supply is liable under theories of premises liability, negligence, and negligent undertaking per Restatement (Second) of Torts § 323. *Id.* ¶¶ 14–21. Further, she alleges Seabolt is liable under a theory of negligence. *Id.* ¶ 13.

MEMORANDUM OPINION AND ORDER – PAGE 1

Tractor Supply removed this case, invoking diversity jurisdiction as the basis for removal. Notice of Removal ¶ 14 [1]. Tractor Supply alleges that Seabolt has been improperly joined, so her citizenship should be disregarded for purposes of diversity jurisdiction. *Id.* ¶ 9. Marr and Seabolt are citizens of Texas, while Tractor Supply is a citizen of Delaware and Tennessee. *Id.* ¶¶ 7–8. Marr now moves to remand the case, arguing that Seabolt has been properly joined. Pl.'s Mot. Remand ¶¶ 14–21 [4]. Marr does not challenge the amount-in-controversy requirement. *See id.*

## II. LEGAL STANDARDS FOR REMAND AND IMPROPER JOINDER

A defendant may remove a state court action to federal court if the defendant establishes the federal court's original jurisdiction over the action. *See* 28 U.S.C. § 1441. To remove a case, a defendant must show that the action either arises under federal law or satisfies the requirements of diversity jurisdiction. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("[A]bsent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."). For a federal court to have diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citation omitted). Further, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

When diversity jurisdiction is claimed, the doctrine of improper joinder allows a court to "ignore an improperly joined, non-diverse defendant in determining subject matter jurisdiction." *Ross v. Nationwide Prop. & Casualty Ins. Co.*, 2013 WL 1290225, at *2

MEMORANDUM OPINION AND ORDER – PAGE 2

(S.D. Tex. 2013) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc)).  "When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper."  *Smallwood*, 385 F.3d at 576.  This burden can be met by showing that either (1) there was actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff is unable to establish a cause of action against the nondiverse defendant in state court.  *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 205 (5th Cir. 2016) (citing *Smallwood*, 385 F.3d at 573).  To establish the second category of improper joinder, the removing party must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against a [nondiverse] defendant."  *Id.*  Courts conduct a "Rule 12(b)(6)–type analysis" to determine whether a plaintiff has a reasonable basis for recovery against a nondiverse defendant.  *Int'l Energy*, 818 F.3d at 200.  If the plaintiff's pleadings are sufficient to state a claim under the Rule 12(b)(6) plausibility standard, then there is a reasonable basis to predict that the plaintiff could recover, and joinder is proper.  *Id.* at 200–02.

If the Court finds that a nondiverse party was improperly joined, "that party *must* be dismissed without prejudice."  *Int'l Energy*, 818 F.3d at 209; *see also Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc) (stating that "if the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant").

MEMORANDUM OPINION AND ORDER – PAGE 3

### III. THE COURT DENIES THE MOTION TO REMAND

Tractor Supply argues that Marr improperly joined Seabolt in this lawsuit. Notice of Removal ¶ 9. At issue is whether, under a Rule 12(b)(6)-type analysis, Marr has a reasonable basis for recovery against Seabolt. Marr asserts a negligence claim against Seabolt. The Court finds that there is no reasonable basis to predict that Marr can recover against Seabolt.

Negligence and premises liability are two distinct claims under Texas law. *See Allen v. Wal-Mart Stores Tex., LLC*, 2015 WL 1955060, at *5 (S.D. Tex. 2015) (quoting *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006)). A "person injured on another's property may have either a negligence claim or a premises-liability claim against the property owner, but not both." *Barron v. United States*, 111 F.4th 667, 671 (5th Cir. 2024) (quoting *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016)) (internal quotations omitted). "Whether a person injured on another's property has a general negligence claim or a premises liability claim depends on the factual circumstances of the case." *Id.*

Negligence "encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury." *Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 196 (5th Cir. 2014) (quoting *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010)); *see also Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) ("Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity."). In contrast, "premises liability encompasses a nonfeasance theory based on the

MEMORANDUM OPINION AND ORDER – PAGE 4

owner's failure to take measures to make the property safe." *Austin*, 746 F.3d at 196 (quoting *Del Lago*, 307 S.W.3d at 776); *see also Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998) (quoting *Keetch*, 845 S.W.2d at 264) (describing premises liability as "failing to remedy an unreasonable risk of harm due to the condition of premises"). "When the alleged injury is the result of the condition of the premises, the injured party can recover only under a premises liability theory." *Wyckoff v. George C. Fuller Contracting Co.*, 357 S.W.3d 157, 163 (Tex. App. – Dallas 2011, no pet.) (citations omitted).

Marr does not allege adequate facts to support an inference that she can recover against Seabolt. She claims that Seabolt failed to "maintain the premises," "use ordinary care in the placement of the dangerous condition (disfigured rug)," "properly supervise the employees in the placement of the dangerous condition," "inspect the premises where the dangerous condition . . . existed," and "inform [Marr] of the dangerous condition." Pl.'s Orig. Pet. ¶ 13. These allegations support that Seabolt failed to remedy the dangerous condition—the disfigured rug—but do not support that Seabolt created the dangerous condition. *See Bustos v. Wal-Mart Stores Texas, L.P.*, 2013 WL 1345151, at *1–2 (W.D. Tex. 2013) (holding that permitting a condition to exist and failing to warn of the condition only support a claim for premises liability, not negligent activity); *Bartosh v. Gulf Health Care Ctr.-Galveston*, 178 S.W.3d 434, 446–47 (Tex. App. – Houston [14th Dist.] 2005, no pet.) (holding that negligently permitting a condition to exist "is not a negligent activity case"). Because Marr's alleged injury is a result of the dangerous condition, she can only recover under a theory of premises liability. *Wyckoff*, 357 S.W.3d at 163. And the "duty

MEMORANDUM OPINION AND ORDER – PAGE 5

to keep business premises safe is one owed by the employer, rather than its employees," so Seabolt did not owe an independent legal duty to Marr. *Fugitt v. Walmart Stores, Inc.*, 2015 WL 7352194, at *3 (N.D. Tex. 2015). Accordingly, Marr does not allege a plausible claim to relief against Seabolt.

Because there is no reasonable basis for the Court to predict that Marr can recover against Seabolt, the Court holds that Seabolt was improperly joined and dismisses Seabolt. Thus, Seabolt's citizenship may be disregarded. Therefore, this Court has diversity jurisdiction over the case, and removal was proper.

## CONCLUSION

Because Seabolt was improperly joined, the Court denies the motion to remand and dismisses Seabolt without prejudice.

Signed September 24, 2024.

_David C. Godbey_
David C. Godbey
Chief United States District Judge